

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-66,940-03

### EX PARTE SEAN MATTHEW STARK, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20160D02687-210-1 IN THE 210TH DISTRICT COURT
### FROM EL PASO COUNTY

*Per curiam*.

### O P I N I O N

Applicant pleaded guilty to burglary of a building and was sentenced to eight years' imprisonment. He did not appeal his conviction.

In this application for 11.07 writ of habeas corpus, Applicant contends that he was improperly denied time credit while released on parole. The State and trial court agree and recommend granting relief. We also agree and grant relief.

In general, an inmate is not given time credit for time spent on parole unless he fully discharges his sentence on parole. *Ex parte Spann*, 132 S.W.3d 390, 393 (Tex. Crim. App. 2004). However, some or all of that "street-time" can be restored if the inmate meets certain criteria. *See* TEX. GOV'T CODE §508.283.

In order to get time spent on parole restored, the parolee must meet two criteria: (1) he cannot be currently serving or have been previously convicted of an offense listed in TEX. GOV'T CODE §508.149 and (2) he must meet the mid-point calculation for the sentence–which is whether a person has been on parole or mandatory supervision (on the street) more than half of the time he had left to serve when he was released. TEX. GOV'T CODE §508.283(c).

Applicant is not a person described by TEX. GOV'T CODE §508.149. Applicant was released to parole on March 20, 2020. He had approximately 1,557 days remaining on the 8-year sentence at the time of his release, so the mid-point would therefore be approximately 778 days. A parole violation warrant was issued on December 14, 2022 and executed on December 15, 2022. Applicant had spent approximately 1,000 days on parole, well over the mid-point date necessary to obtain the time credit. At a habeas hearing, Charley Valdez, a representative from the Texas Department of Criminal Justice (TDCJ) testified that Applicant would have received the time credit had he only been on parole for this one sentence. He testified that the reason Applicant was not receiving the time credit in question was because he did not meet the mid-point calculation on a different sentence he is serving (his "controlling" or "holding" case). He testified that due to a programming issue, sentences cannot be separated, and if a person does not meet the mid-point calculation on any one of his sentences, then street time is forfeited on all of his sentences.

This is contrary to relevant statutes. There is no indication that a person's eligibility for street time credit should be affected by whether he is serving more than one sentence. Therefore, we grant relief. Applicant is entitled to have his street time credited in this case, which would result in the discharge of this sentence.

Relief is granted. Applicant's street time is ordered to be credited to this sentence, resulting

in this sentence being discharged. Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: December 11, 2024

Publish.